UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAINTS COMMUNITY CHURCH | CIVIL ACTION |
| VERSUS | NO: 24-510 |
| CMR CONSTRUCTION & ROOFING, LLC | SECTION: "A" (4) |

## ORDER AND REASONS

The following motion is before the Court: **Third-Party Defendant's Motion to Dismiss for Failure to State a Claim (Rec. Doc. 16)** filed by third-party defendant, State National Insurance Co. (hereinafter "State National"). Third-party plaintiff, Storm Response Group, LLC, opposes the motion. The motion, submitted for consideration on October 2, 2024, is before the Court on the briefs without oral argument.

The main demand arises out of a contract between Saints Community Church and CMR Construction & Roofing, LLC, in which CMR was contracted to provide full replacement of a metal roof at property owned by the church. The work began, was delayed, was never completed, and what was completed was allegedly woefully deficient. Saints Community sued CMR in state court for breach of contract and negligence. CMR removed the action to this Court.

CMR subsequently filed a third-party demand against one of its subcontractors, Storm Response Group, LLC ("SRG"), alleging that to the extent CMR is found to have breached its contract with Saints Community, such breaches were caused by SRG's work on the roof project.

As it turns out, SRG had hired its own subcontractor, Sun Desert Construction, LLC, to perform the work on the church's roof. According to SRG, the work was subcontracted out to Sun Desert such that any problems with the work are not the fault of SRG but rather are the fault of a third party (Sun Desert). (Rec. Doc. 10, Answer and Third-Party Demand ¶¶ 27-28). SRG's third-party demand named not only Sun Desert but also Sun Desert's insurer, the movant herein, State National, from whom SRG is seeking defense and indemnity.

State National moves to dismiss SRG's third-party demand arguing that Storm is not an insured under the State National policy. State National also argues that even if SRG could show that Sun Desert had agreed to provide defense and indemnity, the policy excludes coverage for Sun Desert's contractual liability.

In its opposition, SRG does not attempt to argue that it was an insured on the State National policy nor could it plausibly do so. None of the categories of insureds in the policy's Who Is An Insured section apply to SRG. (Rec. Doc. 16-2 at 48). Given that it is not an insured under the policy, SRG acknowledges that it does not have a direct indemnity claim against State National. (Rec. Doc. 20, Opposition at 3). But SRG posits that the insurer must surely owe indemnity to Sun Desert.

Pretermitting State National's contention that coverage does not apply because of the contractual assumption of liability endorsement, the issue is not whether the insured, Sun Desert, would be entitled to indemnity. Rather, the issue is whether SRG has a right of action against Sun Desert's insurer, or in other words standing to sue State National directly in its own right. SRG does not because it is not an insured under

the policy. Therefore, the third-party demand that SRG has filed against State National must be dismissed.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Third-Party Defendant's Motion to Dismiss for Failure to State a Claim (Rec. Doc. 16)** filed by third-party defendant, State National Insurance Co., is **GRANTED**. Storm Response Group, LLC's third-party demand against State National Insurance Co. is dismissed.

October 16, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE